NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA.

Cause Number: 15-08449-211
(The Clerk's office will fill in the Cause Number and Court Number when you file this form.)

IN THE MATTER OF THE MARRIAGE OF

Petitioner: Karlie Nicole Harris
Print first, middle and last name of the spouse filing for divorce.

And

Respondent: Rodolfo Gustavo Rosa
Print first, middle and last name of other spouse.

In the 211 (Court Number)
☒ District Court
☐ County Court at Law
Denton County, Texas

FILED 2015 SEP 25 PM 4:48
SHERRI ADELSTEIN DISTRICT CLERK DENTON CO., TX
BY _____ DEPUTY

AND IN THE INTEREST OF: (List all children you and your spouse have together who are under 18 or still in high school.)

1. Jonathan Rosa-Harris   2. Alexa Rosa-Harris   3. _____
4. _____   5. _____   6. _____

# Original Petition for Divorce

*Print your answers.*

My name is: Karlie Nicole Harris
          First      Middle      Last

I am the **Petitioner**, the person asking for a divorce.

The last three numbers of my driver's license number are: 5 7 1. My driver's license was issued in *(State)* Texas.

or ☐ I do not have a driver's license number.

The last three numbers of my social security number are: 4 1 1.

or ☐ I do not have a social security number.

My spouse's name is: Rodolfo Gustavo Rosa
                   First      Middle      Last

My spouse is the **Respondent**.

## 1. Discovery Level

The discovery level in this case, if needed, is Level 2.

## 2. Legal Notice  *(Check one box.)*

☐ I think my spouse will sign a *Waiver of Service* (or *Answer*). Do not send a sheriff, constable, or process server to serve my spouse with a copy of this *Petition for Divorce* at this time.

☒ I will have a sheriff, constable, process server or clerk serve my spouse with this *Petition for Divorce* here:
501 Gateway Pkwy   Roanoke   TX   76262
Street Address      City     State  Zip

If this is a work address, name of business: Heritage Bag Company

I ask the clerk to issue a *Citation of Service* (the form necessary to provide legal notice to my spouse by "Official Service of Process"). I understand that I will need to **pay the fee** (or file an *Affidavit of Indigency* form to show the Court that I am unable to pay the fee) and **arrange for service**.

☐ I cannot find my spouse. I ask that my spouse be served by publication. I understand I must file an *Affidavit for Citation by Publication* and hire a lawyer to serve as attorney ad litem for my spouse.

## 3. Jurisdiction

### 3A. County Residence Requirement

*(Check all boxes that apply.)*

- [x] I have lived in this county for the last 90 days.
- [x] My spouse has lived in this county for the last 90 days.
- [ ] I am serving in the armed forces or other government service outside of Texas, but this county has been the home county of either my spouse or me for at least 90 days.
- [ ] I have accompanied my spouse who is serving in the armed forces or other government service outside of Texas, but this county has been the home county of either my spouse or me for at least 90 days.

> *Note: You cannot file for divorce in Texas until you or your spouse has lived in the county where you are asking for a divorce for at least the last 90 days and in Texas for at least the last six months.*
>
> *There are special rules for military families and others who are absent from the state due to government service. Read "How to File an Uncontested Divorce" at www.TexasLawHelp.org for more information.*

### 3B. Texas Residence Requirement

*(Check all boxes that apply.)*

- [x] I have lived in Texas for the last six months.
- [x] My spouse has lived in Texas for the last six months.
- [ ] I am serving in the armed forces or other government service outside of Texas, but Texas is the home state of either my spouse or me and has been for at least 6 months.
- [ ] I have accompanied my spouse who is serving in the armed forces or other government service outside of Texas, but Texas is the home state of either my spouse or me and has been for at least 6 months.

> *Note: If you or your spouse do not live in Texas, you must complete and attach the Exhibit: Out-of-State Party Affidavit. Get it at www.TexasLawHelp.org.*

### 3C. Personal Jurisdiction over Spouse

*(Check one box.)*

- [x] My spouse lives in Texas.
- [ ] My spouse does not live in Texas. *(Check any boxes that apply below.)*
    - [ ] My spouse agrees that a Texas court can make orders in this divorce, including orders regarding conservatorship (custody), visitation, and financial support of our children and orders regarding our property and debts. My spouse will file a *Waiver of Service* (or *Answer*).
    - [ ] Texas is the last state where we lived together as a married couple. This *Petition for Divorce* is filed less than two years after we separated.
    - [ ] The children live in Texas because of my spouse's actions.
    - [ ] My spouse has lived in Texas with the children.
    - [ ] My spouse has lived in Texas and provided prenatal expenses or support for the children.
    - [ ] My spouse had sexual intercourse in Texas, and the children may have been conceived by that act of intercourse.
    - [ ] Our child was born in Texas and my spouse registered with the paternity registry maintained by the bureau of vital statistics or signed an acknowledgment of paternity.
    - [ ] My spouse will be personally served with citation (official service of process) in Texas.

### 4. Dates of Marriage and Separation

My spouse and I got married on or about: __August 22nd 2005__.
                                                            Month         Day         Year

We stopped living together as spouses on or about: __September 1st 2015__.
                                                            Month         Day         Year

### 5. Grounds for Divorce

I ask the Court to grant me a divorce. The marriage has become insupportable due to discord or conflict of personalities that destroys the legitimate ends of the marital relationship and prevents any reasonable expectation of reconciliation.

### 6. Children

#### 6A. Children Husband and Wife have Together

My spouse and I are the parents of the following children who are under 18 years old <u>or</u> over 18 years old and still in high school.

*(You MUST list <u>all</u> children you and your spouse have together (adopted or biological) who are under 18 or over 18 and still in high school.)*

| | Child's name | Date of Birth | Place of Birth | State where child lives now |
|---|---|---|---|---|
| 1. | Jonathan Rosa-Harris | 3/19/05 | Texas | Texas |
| 2. | Alexa Rosa-Harris | 12/15/09 | Texas | Texas |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |

#### 6B. Jurisdiction over Children

*(Check one box.)*

☒ The children live in Texas now and have lived in Texas for at least the past 6 months or since birth.

☐ The children do not live in Texas now but they have been gone from Texas less than 6 months. The children lived in Texas the 6 months before they moved. A parent or person acting as a parent continues to live in Texas.

☐ None of the above apply. *(Note: Talk to a lawyer if none of the above apply.)*

*(Check box below <u>only</u> if true.)*

☐ There are **no court orders** about any of the children listed above. No other Court has continuing jurisdiction over this case or the children.

> *Note: Do **not** use this form if there is already a court order in place for any of the children (such as a child support order through the Attorney General's Office.)*
> *Read "How to File an Uncontested Divorce" at www.TexasLawHelp.org for information about filing for divorce when there is already a court order in place.*

### 6C. Children's Property

*(Check one box.)*

☒ The children do not own any property of significant value in their own name.
☐ The children own the following property of significant value in their own name:

_____

### 6D. Children's Health Insurance

The children: *(Check all that apply.)*

☒ have **private health insurance**.
   Name of insurance company: United Healthcare
   Policy number: 978814370     Cost of premium: $ 408.70 /month
   Name of person who pays for insurance: Karlie Harris
   The insurance policy  ☒ is  ☐ is not   available through the parent's work.

☐ have health insurance through **Medicaid**.
☐ have health insurance through **C.H.I.P.**  Cost of premium (if any): $_____
☐ do not have health insurance.

*If the children do not have private health insurance also complete the following:*

Private health insurance   ☐ is  ☐ is not   available to Father at a reasonable cost.
Private health insurance   ☐ is  ☐ is not   available to Mother at a reasonable cost.

### 6E. Conservatorship (Custody) of the Child/ren

I ask the court to make conservatorship (custody) orders as follows: *(Check a, b, or c.)*

a. ☒ Mother and Father should be **Joint Managing Conservators** of the child/ren and:

   *(If you checked a, check a-1, a-2, or a-3.)*

   a-1. ☐ Father should have the exclusive right to designate the primary residence of the child/ren within the following geographic area: *(Check one box below.)*
      ☐ anywhere.   ☐ this county.   ☐ this county or county adjacent to this county.
      ☐ Texas.   ☐ other: _____.

   a-2. ☒ Mother should have the exclusive right to designate the primary residence of the child/ren within the following geographic area: *(Check one box below.)*
      ☒ anywhere.   ☐ this county.   ☐ this county or county adjacent to this county.
      ☐ Texas.   ☐ other: _____.

   a-3. ☐ Neither parent should have the **exclusive** right to designate the primary residence of the child/ren but both parents should be ordered not to move the child/ren out of the following geographic area: *(Check one box below.)*
      ☐ this school district: _____   ☐ this county.
      ☐ this county or county adjacent to this county.  ☐ other: _____.

b. ☒ Mother should be the **Sole Managing Conservator** of the child/ren.
c. ☐ Father should be the **Sole Managing Conservator** of the child/ren.

### 6F. Possession of and Access to the Child/ren (Visitation)

I ask the court to make possession and access (visitation) orders as follows: *(Check a, b, c, or d.)*

a. ☒ Father should have "standard visitation." *(See Texas Family Code Chapter 153, Subchapter F.)*

b. ☐ Mother should have "standard visitation." *(See Texas Family Code Chapter 153, Subchapter F.)*

c. ☐ "Standard visitation" would be unworkable or inappropriate. Possession and access to the child/ren should be as follows:

_____
_____
_____
_____

d. ☐ I am concerned about the safety of the children with the other parent: I ask that:
   *(If you checked d, check all that apply below.)*

   d-1. ☐ exchanges of the child/ren be supervised, or in the alternative, be in a public place.

   d-2. ☐ the other parent's possession of the child/ren be limited to day visits.

   d-3. ☐ the other parent's possession of the child/ren be supervised.

   d-4. ☐ the other parent have no right to possession or access to the child/ren.

   d-5. ☐ the other parent be ordered not to use alcohol or illegal drugs 24 hours prior to or during possession of the child/ren.

   d-6. ☐ the other parent's possession and access to the children be restricted as follows:

   _____
   _____
   _____
   _____

*(Check only if you asking that a different possession order be in place while a child is under 3 years old.)*

☐ One or more of the children is under 3. Until the child turns 3, possession should be as follows:

_____
_____
_____

After the child turns 3, possession should be as checked above.

*(Check only if applicable.)*

☒ I am concerned that the other parent may take the child/ren to another country and refuse to return them. I ask the Court to determine if there is a risk of international kidnapping by the other parent and to take such measures as are necessary to protect the child/ren.

### 6G. Child Support and Medical Support for the Child/ren

I ask the court to make appropriate orders for the financial support of the child/ren, including regular child support and medical support and, if supported by the evidence, retroactive child support.

### 7. Is the Wife Pregnant?

*(Check one box.)*

☒ The wife in this marriage **is not** pregnant.

☐ The wife in this marriage **is** pregnant. I understand that I cannot finish the divorce until after the child is born.

*(If the wife is pregnant, also check one box below.)*

☐ The husband **is** the father of this child. I ask the court to include orders for custody, visitation, child support and medical support for the child in the *Final Decree of Divorce*.

☐ The husband **is not** the father of this child. I understand that paternity of the child must be established before I can finish the divorce. *(Read "Texas Paternity Law: Frequently Asked Questions" at www.TexasLawHelp.org for information about establishing paternity.)*

### 8. Did the Wife have a Child with Another Man while Married to the Husband?

*(Check one box. Fill in the requested information, if applicable.)*

☒ The wife **did not** have a child with another man while married to the husband.

☐ The wife **did** have a child with another man while married to the husband. All of the children born during the marriage that are not the Husband's adopted or biological children are named below:

| | Child's name | Age | Date of Birth | Sex |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |

*(If the wife had a child or children with another man during the marriage, check one box below.)*

☐ Paternity of the child/ren named above **has not** been established. I understand that paternity of the child/ren must be established before I can finish my divorce. *(Read "Texas Paternity Law: Frequently Asked Questions" at www.TexasLawHelp.org for information about establishing paternity.)*

☐ Paternity of the child/ren named above **has** been established:

*(Check one box.)*

☐ A court order has established that another man is the biological father and/or the Husband is not the biological father of the child/ren listed above. I understand I must attach a file-stamped copy of the court order to my *Final Decree of Divorce*.

☐ An *Acknowledgement of Paternity* was signed by the biological father and a *Denial of Paternity* was signed by the Husband for the child/ren listed above. I understand I must attach a copy of these documents to my *Final Decree of Divorce*.

9. **Protective Order Statement** *(Check the appropriate boxes.)*

   **9A. No Protective Order**

   ☒ I **do not** have a Protective Order against my spouse and I have not asked for one.

   ☐ My spouse **does not** have a Protective Order against me and has not asked for one.

   **9B. Pending Protective Order**

   ☐ I **have** filed paperwork at the courthouse asking for a Protective Order against my spouse, but a judge has not decided if I should get it. I asked for a Protective Order on _____
   *Date Filed*
   in _____ County, _____. The cause number is _____.
   *County*                  *State*                                              *Cause Number*
   If I get a Protective Order, I will file a copy of it before any hearings in this divorce.

   ☐ My spouse **has** filed paperwork asking for a Protective Order against me, but a judge has not decided if my spouse will get it. My spouse asked for a Protective Order on _____
   *Date Filed*
   in _____ County, _____. The cause number is _____.
   *County*                  *State*                                              *Cause Number*
   If my spouse gets a Protective Order, I will file a copy of it before any hearings in this divorce.

   **9C. Protective Order in Place**

   ☐ I **do have** a Protective Order against my spouse. I got the Protective Order in
   _____ County, _____ on _____.
   *County*                  *State*                        *Date Ordered*
   The cause number for the Protective Order is _____.
   *Cause Number*
   Either I have attached a copy of the Protective Order to this Petition or I will file a copy of it with the court before any hearings in this divorce.

   ☐ My spouse **does have** a Protective Order against me. The Protective Order was made in
   _____ County, _____ on _____.
   *County*                  *State*                        *Date Ordered*
   The cause number for the Protective Order is _____.
   *Cause Number*
   Either I have attached a copy of the Protective Order to this Petition or I will file a copy of it with the court before any hearings in this divorce.

10. **Waiver of Waiting Period Based on Family Violence** *(Check only if applicable.)*

    ☐ I ask the Court to waive the 60-day waiting period for divorce because: *(Check one box.)*

    ☐ My spouse has been convicted of or received deferred adjudication for a crime involving family violence against me or a member of my household.

    ☐ I have an active protective order or an active magistrate's order for emergency protection against my spouse because of family violence during our marriage. The order includes a finding that my spouse committed family violence.

11. **Family Information** *(Check only if applicable.)*

    ☐ I believe my children or I will be harassed, abused, seriously harmed or injured or otherwise subjected to family violence if I must give my spouse the information checked below for myself and the child/ren:
    ☐ home address,    ☐ mailing address,    ☐ employer,    ☐ work address,
    ☐ home phone #,    ☐ work phone #,    ☐ social security #,    ☐ driver's license #.
    I ask the Court to Order that I not have to give this information or notice of changes in this information to my spouse. I also ask the Court to keep this information confidential.

## 12. Property and Debt

> *Note: It is very important to talk with lawyer if you or your spouse has a house, land, business, retirement funds, other valuable property or debt. Getting advice from a lawyer now can save you time and money in the long run.*
>
> *About community property: Texas is a community property state. This means that any new property that either spouse gets from the minute they are married until the minute the judge grants the divorce is probably community property, even if the property is only in one spouse's name. About separate property: Property owned by a spouse before the marriage is that spouse's separate property. In addition, if either spouse receives a gift, an inheritance, or a recovery for personal injuries that occurred during the marriage (not including a recovery for lost wages or medical expenses); it is that spouse's separate property. There are exceptions to these general rules. If you have questions talk to a lawyer.*
>
> *About retirement: Retirement funds (such as 401k, pension, profit sharing, stock option plans and IRAs) earned by either spouse during the marriage are usually considered to be community property that can be divided by the court. This is true even if you or your spouse has not yet retired. If you want the Court to divide retirement funds (other than an IRA), you will need to have the Court sign an additional form, usually called a "Qualified Domestic Relations Order" (QDRO), to make the division effective. You should have the QDRO prepared before you go to court, so the judge can sign it when you finish your divorce. A QDRO form is not included with this divorce set. You may be able to get a sample QDRO form from the employer or retirement fund administrator. If not, you should hire a lawyer to draft the QDRO form. If you use the employer or retirement fund administrator's QDRO form, you should still have a lawyer review it to make sure you are not giving up important benefits. Note: If you and your spouse plan to keep your own retirement funds or do not have retirement funds, you do not need a QDRO.*
>
> *About debt: A creditor's right to collect a debt is not affected by a divorce decree. So, if the Court orders your spouse to pay a debt (such as a mortgage) that is in both of your names but your spouse doesn't pay it, the creditor can still seek payment from you. Ask a lawyer how to protect yourself in this situation.*

### 12A. Community Property and Debt

If my spouse and I can agree about how to divide the property and debts we got during our marriage, I ask the Court to approve our agreement. If we cannot agree, I ask the Court to divide our community property and debts according to Texas law.

### 12B. Separate Property

I own the following separate property. I owned this property before I was married or I received this property as a gift or inheritance during my marriage or I received this property as recovery for personal injuries that occurred during the marriage (not including any recovery for lost wages or medical expenses). I ask the Court to confirm this property as my separate property.

*(Fill in all lines. If you have no property to list in a particular category, write "none.")*

House located _____
             Street Address            City            State    Zip

Land located at: _____
                Street Address         City            State    Zip

Cars, trucks, motorcycles or other vehicles

| Year | Make | Model | Vehicle Identification No. [VIN]- |
|------|------|-------|-----------------------------------|
| 2014 | Nissan | Altima | |

Other money or personal property I owned before I was married, received as a gift or inheritance during my marriage or property I purchased during my marriage with separate property funds: _____

Money I received as recovery for personal injuries that occurred during the marriage that was not for lost wages or medical expenses: _____

© TexasLawHelp.org *Petition for Divorce -- SET B*, September 2015         Page 8 of 10

### 13. Name Change *(Check one box.)*

☒ I am NOT asking the Court to change my name.

☐ I ask the Court to change my name back to a name I used before my marriage. I am not asking the court to change my name to avoid criminal prosecution or creditors. I ask that my name be changed to:

_____   _____   _____
First                                                Middle                                             Last

> **Note:** You cannot use this form to change your name to anything other than a name you used before you got married.

### 14. Public Benefits *(Check any boxes that apply.)*

☐ The child/ren have Medicaid now **or** had it in the past.

☐ The child/ren (or someone on behalf of the child/ren) get TANF (Temporary Assistance for Needy Families) now **or** got it in the past.

> **Note:** If the child/ren have ever received Medicaid or TANF, you MUST send a copy of this Petition to the Office of the Attorney General Child Support Division.
> You MUST also sign the "Certificate of Service to Attorney General" at section 16 on the next page.

### 15. Request for Judgment

I ask the Court to grant my divorce. I also ask the Court to make the other orders I have asked for in this Petition and any other orders to which I am entitled.

→ *Karlie Harris* (signature)    Date: 9/25/15
Petitioner's Signature

Karlie Harris
Petitioner's Name (Print)                     Phone: [redacted]

Mailing Address: [redacted]   City [redacted]   State [redacted]   Zip [redacted]

Email Address: Karlie_h@hotmail.com    Fax # (if available) _____

I understand that I must notify the Court and my spouse's attorney (or my spouse if my spouse does not have an attorney) in writing if my mailing address or email address changes during these divorce proceedings. If I don't, any notices about this case including the dates and times of hearings will be sent to me at the mailing address or email address above.

### 16. Certificate of Service to Attorney General

*(Complete this section only if the child/ren get Medicaid or TANF now or got it in the past.)*

I will deliver a copy of this *Petition for Divorce* to the Office of the Attorney General Child Support Division* as follows:

*If I file this document electronically*, I will deliver it through the electronic file manager if possible. If not possible, I will deliver it in person, by mail, by commercial delivery service, by fax, or by email.

*If I file a paper copy of this document*, I will deliver it in person, by mail, by commercial delivery service, by fax, or by email.

→ ___Karli Harris___   ___9/25/15___
Petitioner's Signature         Date

* Get contact information for the Attorney General Child Support Office in your county at www.oag.state.tx.us/cs/fieldoffices.php. Bring proof of delivery when you go to Court to finish your divorce.

---

Note: For a referral to a lawyer call your local lawyer referral service or the State Bar of Texas Lawyer Referral Information Service at 1-800-252-9690.

For information about free and low-cost legal help in your county go to www.texasbar.com/ReferralDirectory or call the Legal Aid office serving your area:

**Legal Aid of Northwest Texas** 1-888-529-5277 *(Dallas / Ft. Worth area & Northwest Texas)*
**Lone Star Legal Aid** 1-800-733-8394 *(Houston area & East Texas)*
**Texas Rio Grande Legal Aid** 1-888-988-9996 *(Austin / San Antonio area, El Paso area & South Texas)*

If you have been the victim of family violence, or if at any time you feel unsafe, get help by calling the:
**National Domestic Violence Hotline** at 1-800-799-SAFE (7233) or
**Texas Family Violence Legal Line** at 1-800-374-HOPE (4673).

---

### DENTON COUNTY STANDING ORDER REGARDING
### CHILDREN, PROPERTY AND CONDUCT OF THE PARTIES

**FILED**
2015 SEP 14 AM 9:56

THIS DENTON COUNTY STANDING ORDER REGARDING CHILDREN, PROPERTY AND CONDUCT OF THE PARTIES IS BINDING ON (1) THE PARTIES, (2) THE PARTIES' OFFICERS, AGENTS, SERVANTS, EMPLOYEES, AND ATTORNEYS, AND (3) ANY OTHER PERSON WHO ACTS IN CONCERT WITH THE PARTIES OR THEIR AGENTS AND WHO RECEIVES ACTUAL NOTICE OF THESE ORDERS, AND IS ENFORCEABLE BY CONTEMPT, INCLUDING A FINE OF UP TO $500, CONFINEMENT IN THE COUNTY JAIL FOR SIX MONTHS, OR BOTH SUCH A FINE AND CONFINEMENT IN JAIL FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

No party to this lawsuit has requested this order. Rather, this order is a standing order of the Denton County District Courts that applies in every divorce suit and every suit affecting the parent-child relationship, including a suit for modification or enforcement of a prior order, filed in Denton County, Texas. The Denton County District Courts have adopted this order pursuant to Texas Family Code §§6.501-6.503, 105.001, and 105.009 because the parties and their children should be protected and their property preserved while the lawsuit is pending before the court. IT IS THEREFORE ORDERED:

1. **NO DISRUPTION OF CHILDREN.** All parties are ORDERED to refrain from doing the following acts concerning any children who are subjects of this cause:
    1.1 Removing the children from the State of Texas for the purpose of changing the children's domicile or residence, acting directly or in concert with others, without the written agreement of all parties or an order of this Court; provided, however, that this paragraph shall not prohibit or restrict a party from so removing the children if an active prior court order gives that party the right to designate the children's primary residence outside the State of Texas or without regard to geographic location.
    1.2 Disrupting or withdrawing the children from the school or day-care facility where the children are presently enrolled without the written agreement of all parties or an order of this Court; provided, however, that this paragraph shall not prohibit or restrict a party from so withdrawing the children from a school or day-care facility if that party is changing the children's domicile or residence within that party's rights pursuant to an active prior court order as described in §1.1 above.
    1.3 Hiding or secreting the children from any other party.
    1.4 Changing the children's current place of abode without the written agreement of all parties or an order of this Court; provided, however, that this paragraph shall not prohibit or restrict a party from changing such place of abode if an active prior court order gives that party the right to designate the children's primary residence without geographic restriction, or if the new place of abode lies within the geographic limits established by that active prior court order.
    1.5 Disturbing the peace of the children.
    1.6 Making disparaging remarks about another party or another party's family members, including but not limited to the child's grandparents, aunts, uncles, stepparents, or anyone with whom the party has a dating relationship.
    1.7 Discussing with the children, or with any other person in the presence of the children, any litigation related to the children or the other party.
    1.8 If this is an original divorce action, allowing anyone with whom the party has a dating relationship to be in the same dwelling or on the same premises overnight while in possession of the child. Overnight is defined from 10:00 p.m. until 7:00 a.m.

2. **CONDUCT OF THE PARTIES DURING THE CASE.** All parties are ORDERED to refrain from doing the following acts with the intent to harass, annoy, alarm, abuse, torment, or embarrass another party:
    2.1 Using vulgar, profane, obscene, coarse, offensive, or indecent language to communicate with another party, whether in person, by telephone, or in writing, including by email, text message, or any other electronic communication.
    2.2 Threatening another party in person, by telephone, or in writing, including by email, text message, or any other electronic communication, to take unlawful action against the party, a member of the party's family, including but not limited to anyone with whom the party has a dating relationship, or the party's property.
    2.3 Placing or transmitting one or more telephone calls, emails, text messages, or other electronic communications to another party at an unreasonable hour, in an offensive or repetitious manner, anonymously, or without a legitimate purpose of communication.

3. **PRESERVATION OF PROPERTY AND USE OF FUNDS DURING DIVORCE CASE.** If this is a divorce case, both parties to the marriage are ORDERED to refrain from the following conduct:

   3.1 Destroying, removing, concealing, encumbering, transferring, or otherwise harming or reducing the value of the property of one or both of the parties, regardless of whether it is intellectual, personal, or real property and regardless of whether it is claimed as separate or community property.

   3.2 Misrepresenting or refusing to disclose to the other party or to the Court, on proper request, the existence, amount, or location of any property, including electronically stored or recorded information, of one or both of the parties, regardless of whether it is intellectual, personal, or real property and regardless of whether it is claimed as separate or community property.

   3.3 Damaging, destroying or tampering with the tangible or intellectual property of one or both of the parties, including any document or electronically stored or recorded information that represents or embodies anything of value, regardless of whether it is intellectual, personal, or real property and regardless of whether it is claimed as separate or community property.

   3.4 Selling, transferring, assigning, mortgaging, encumbering, or in any other manner alienating any of the property of either party, regardless of whether it is intellectual, personal, or real property and regardless of whether it is claimed as separate or community property, except as specifically authorized by this order or a subsequent order of this Court.

   3.5 Incurring any indebtedness, including cash advances from a credit card or line of credit, other than legal expense in connection with this suit, except as specifically authorized by this order or a subsequent order of this Court.

   3.6 Making withdrawals from any account in any financial institution for any purpose, except as specifically authorized by this order or a subsequent order of this Court.

   3.7 Spending any sum of cash in either party's possession or subject to either party's control for any purpose, except as specifically authorized by this order or a subsequent order of this Court.

   3.8 Withdrawing or borrowing in any manner for any purpose from any retirement, profit-sharing, pension, death, or other employee benefit plan or employee savings plan or from any individual retirement account or Keogh account, except as specifically authorized by this order or a subsequent order of this Court.

   3.9 Signing or endorsing the others party's name on any negotiable instrument, check, or draft, such as tax refunds, insurance payments, and dividends, or attempting to negotiate any negotiable instrument payable to the other party without the personal signature of the other party. This includes affixing the other party's digital signature to any electronic document.

   3.10 Taking any action to terminate, close, restrict, or limit lines of credit, credit cards, charge cards, or financial accounts in the name of or subject to the control of the other party, whether owned individually or jointly, except by subsequent court order or written agreement signed by each party permitting such action.

   3.11 Entering, operating, or exercising control over the motor vehicle in the possession of the other party.

   3.12 Discontinuing or altering the withholding for federal income taxes on wages or salary while this suit is pending.

   3.13 Terminating or in any manner affecting the service of water, electricity, gas, telephone, cable television, or other contractual services, such as security, pest control, landscaping, or yard maintenance at the other party's residence or in any manner attempting to withdraw any deposits for service in connection with such services.

   3.14 Unlawfully intercepting or recording the other party's electronic communications.

   3.15 Opening or diverting mail, email, or any other electronic communication addressed to the other party.

   3.16 Excluding a spouse from the use and enjoyment of the marital residence in which the spouse had been residing within the thirty (30) day period prior to the date the original petition for divorce was filed.

   3.17 Communicating with the other party's employer or a person with whom the other party has a business relationship without a legitimate purpose.

   3.18. Entering any safe deposit box in the name of or subject to the control of a party, whether owned individually or jointly, except by subsequent court order or written agreement signed by each party permitting such entrance.

   3.19 Destroying, disposing of, or altering any e-mail, text message, video message, or chat message or other electronic data or electronically stored information relevant to the subject matter of the divorce suit, regardless of whether the information is stored on a hard drive, in a removable storage device, in cloud storage, or in another electronic storage medium.

   3.20 Modifying, changing, or altering the native format or metadata of any electronic data or electronically stored information relevant to the subject matter of the suit for dissolution of marriage, regardless of whether the information is stored on a hard drive, in a removable storage device, in cloud storage, or in another electronic storage medium. This prohibition shall likewise apply to any suit affecting the parent-

                child relationship with regard to any electronic data or electronically stored information relevant to the subject matter of the suit affecting the parent-child relationship.

    3.21    Deleting any data or content from any social network profile used or created by either party or a child of the parties.

    3.22    Using any password or personal identification number to gain access to the other party's email account, bank account, social media account, or any other electronic account.

4.    **PERSONAL AND BUSINESS RECORDS IN DIVORCE CASE.** If this is a divorce case, both parties to the marriage are ORDERED to refrain from doing the following acts:

    4.1    Concealing, destroying, disposing of, or altering any of the parties' family records, property records, financial records, business records or any records of income, debts, or other obligations, including, but not limited to, a canceled check, deposit slip, other records from a financial institution, records of credit purchases or cash advances, tax returns, and financial statements.

    4.2    Falsifying any writing or record relating to the property of either party.

    4.3    "Records" includes e-mail or other digital or electronic data, whether stored on a computer hard drive, diskette or other electronic storage device.

5.    **INSURANCE IN DIVORCE CASE.** If this is a divorce case, both parties to the marriage are ORDERED to refrain from doing the following acts, except by written agreement signed by each party permitting such acts:

    5.1    Withdrawing or borrowing in any manner all or any part of the cash surrender value of life insurance policies on the life of either party, except as specifically authorized by this order or a subsequent order of this Court.

    5.2    Changing or in any manner altering the beneficiary designation on any life insurance on the life of either party or the parties' children.

    5.3    Canceling, altering, or in any manner affecting any casualty, automobile, or health insurance policies insuring the parties' property or persons including the parties' minor children.

6.    **SPECIFIC AUTHORIZATIONS IN DIVORCE CASE.** If this is a divorce case, both parties to the marriage are specifically authorized to do the following:

    6.1    To engage in acts reasonably and necessary to the conduct of that party's usual business and occupation.

    6.2    To make expenditures and incur indebtedness for reasonable attorney's fees and expenses in connection with this suit.

    6.3    To make expenditures and incur indebtedness for reasonable and necessary living expenses commensurate with such expenditures and indebtedness incurred for the past six months.

    6.4    To make withdrawals from accounts in financial institutions only for the purposes authorized by this order.

7.    **SERVICE AND APPLICATION OF THIS ORDER.**

    7.1    The Petitioner shall attach a copy of this order to the original petition and to each copy of the petition. At the time an original petition is filed by non-electronic means, *if* the Petitioner has failed to attach a copy of this order to the petition and any copy of the petition, the Clerk shall ensure that a copy of this order is attached to the petition and every copy of the petition presented. At the time an original petition is filed electronically, *if* the Petitioner has failed to attach a copy of this order to the petition and any copy of the petition, the Clerk shall decline to issue citation until the petition is resubmitted with a copy of this order attached in conformity with this section. Additionally, the Court *may* decline to grant temporary ex parte relief, decline to set a hearing in the case, or strike the petition without further notice *if* the Petitioner fails to resubmit the petition with a copy of this order attached in conformity with this section.

    7.2    This order is effective upon the filing of the original petition and shall remain in full force and effect as a temporary restraining order for fourteen days after the date of the filing of the original petition. The requirement of a bond is waived. If, after service, no party contests this order by presenting evidence at a hearing on or before fourteen days after the date of service of the original petition, this order shall continue in full force and effect as a temporary injunction until further order of this court. This entire order will terminate and will no longer be effective only upon further order of the court, entry of a final order or dismissal of the case.

    7.3    In addition to any other remedies available for the enforcement of this order, at the Court's discretion, the Court may award reasonable and necessary attorney fees and court costs against a party found to have violated a provision of this order.



8. **EFFECT OF OTHER COURT ORDERS.** If any part of this order is different from any part of a protective order that has already been entered or is later entered, the protective order provisions prevail. Any part of this order not changed by some later order remains in full force and effect until the court signs a final decree.

9. **PARTIES ENCOURAGED TO MEDIATE/COLLABORATE.** The parties are encouraged to settle their disputes amicably without court intervention. The parties are encouraged to use alternative dispute resolution methods, such as mediation or the collaborative law process, to resolve the conflicts that may arise in this lawsuit.

10. **PARENT EDUCATION AND STABILIZATION.** If this is a suit affecting or seeking modification of the parent-child relationship, all parties are ORDERED to attend one of the following parent education and stabilization programs within sixty (60) days of the date of filing or service of the suit, as applicable:
    10.1    Children in the Middle (www.childreninthemiddle.com or 800-239-3971).
    10.2    Divorce Sanity Co-Parenting (www.ccdcounseling.com/divorce-sanity or 800-897-7068).
    10.3    Children Caught in the Middle (www.cema-nt.com/children_caught_in_the_middle_ or 940-381-5010).

Waiver of the requirement that both parents shall complete a parent education and stabilization program may only be granted by order of the court. Completion of online programs or programs not listed above will not be accepted without prior approval by the court for good cause shown. Proof of completion of the program must be filed with the court upon meeting this requirement. Failure to provide such proof in a timely manner may result in the cancellation of any scheduled hearing or trial and denial of requested relief at the Court's discretion.

THIS DENTON COUNTY STANDING ORDER REGARDING CHILDREN, PROPERTY AND CONDUCT OF THE PARTIES IS EFFECTIVE IN EVERY DIVORCE SUIT AND EVERY SUIT AFFECTING THE PARENT-CHILD RELATIONSHIP, INCLUDING A SUIT FOR MODIFICATION OR ENFORCEMENT OF A PRIOR ORDER, FILED ON OR AFTER SEPTEMBER 21, 2015.

_____
JUDGE SHERRY SHIPMAN
16th District Court

_____
JUDGE STEVE BURGESS
158th District Court

_____
JUDGE BRODY SHANKLIN
211th District Court

_____
JUDGE BRUCE MCFARLING
362nd District Court

_____
JUDGE MARGARET BARNES
367th District Court

_____
JUDGE DOUG ROBISON
393rd District Court

_____
JUDGE JONATHAN BAILEY
431st District Court

_____
JUDGE TIFFANY HAERTLING
442nd District Court

## CLERK'S CERTIFICATE – REDACTED COPY

THE STATE OF TEXAS §
§
COUNTY OF DENTON §

I, DAVID TRANTHAM, Clerk of the District Courts within and for the County of Denton and State of Texas, do hereby certify that the above and foregoing pages is a true and correct copy of the document, Original Petition for Divorce, entered in Cause no.: 15-08449-211 styled,

In the Matter of the Marriage of Karlie Nicole Harris and Rodolfo Gustavo Rosa and in the Interest of Jonathan Rosa-Harris and Alexa Rosa-Harris

from which certain information has been redacted by blackout as per the Court's Order of 11/29/2017, and that, due to the Court's Order the Clerk is unable to provide a certified copy of the unredacted document at this time.

TO CERTIFY WHICH, Witness my hand and seal of office at Denton, Texas on this the 20th day of February, 2024.

DAVID TRANTHAM, DISTRICT CLERK
DENTON COUNTY, TEXAS

By: Jennifer Croy, Deputy Clerk